UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| AARON CARR | ) | |
|    3034 S. KISSIMMEE AVE. | ) | |
|    SPRINGFIELD, MO 65084 | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.25-CV-03371-DPR |
| | ) | |
| FELLERS FOOD SERVICE | ) | |
|    EQUIPMENT, LLC | ) | |
|    Registered Agent: | ) | |
|    CECB Registered Agent, Inc. | ) | |
|    2805 S. Ingram Mill Rd. | ) | |
|    SPRINGFIELD, MO 65804 | ) | |
| | ) | |
|    Defendant. | ) | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff Aaron Carr ("Plaintiff"), by and through counsel, in support of his Petition for Damages and Injunctive Relief against Defendant Fellers Food Service Equipment, LLC ("Defendant" or "Fellers"), states as follows:

## STATEMENT OF FACTS

1. Plaintiff was employed with Defendant beginning in April 2021.

2. Plaintiff was employed with Defendant until his termination.

3. Plaintiff is a man.

4. Almost immediately after Plaintiff began working for Defendant, one of his supervisors, S.W. began to sexually harass him.

1

5. The harassment occurred on almost a daily basis.

6. S.W. would touch Plaintiff inappropriately.

7. S.W. would hit Plaintiff in his genitals routinely.

8. Plaintiff repeatedly asked him to stop.

9. In June 2023, Plaintiff filed a complaint with human resources about the sexual harassment he endured.

10. Even after Plaintiff filed his complaints, the harassment continued.

11. Plaintiff continued to reach out to human resources regarding the harassment.

12. Plaintiff spoke to Defendant's human resources professional B, who told him everything was being taken care of.

13. However, the harassment continued.

14. Plaintiff endured harassment until his termination.

15. During the termination, Plaintiff again brought up the ongoing sexual harassment he endured.

16. Plaintiff filed for unemployment after his termination.

17. Plaintiff was initially approved for unemployment.

18. However, Fellers appealed and Plaintiff's unemployment benefits ceased.

19. During the unemployment hearing, Plaintiff explained the sexual harassment he'd endured.

20. Defendant claimed they didn't know about the harassment or complaints.

21. After this unemployment hearing, Plaintiff's unemployment benefits were reinstated.

22. However, Defendant continued to fight Plaintiff's unemployment benefits.

23. Plaintiff provided all the necessary information to prevent his unemployment benefits decision from being overturned, including the details about the harassment.

24. Even with Plaintiff's information, the unemployment decision was overturned, and he was informed he had to repay all the unemployment benefits he received.

25. Plaintiff was sexually harassed during his employment.

26. Plaintiff's sex motivated his treatment.

27. Plaintiff was subjected to a hostile work environment.

28. Plaintiff engaged in protected complaints.

29. Plaintiff's protected activity led to his termination.

30. Plaintiff's protected activity led to Defendant's decision to appeal his unemployment.

## PARTIES, JURISDICTION, AND VENUE

31. Plaintiff is an adult resident of Green County, Missouri.

32. Plaintiff's gender/sex is a protected class under 42 U.S.C. §2000e et seq hereinafter "Title VII".

33. Plaintiff is protected from Retaliation under Title VII.

34. During all relevant times to this action, Plaintiff was employed by Defendant Fellers Food Services.

35. Defendant Fellers Food Services is an employer within the state of Missouri.

36. Defendant Fellers Food Services is considered an employer under Title VII.

37. On or about May 14, 2025, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission naming Fellers Food Services as respondent.

38. Plaintiff's Charge of Discrimination was filed within 300 days of the discriminatory acts alleged herein.

39. The EEOC closed its investigation and issued Plaintiff a Notice of Right to Sue against Fellers on September 17, 2025.

40. Plaintiff filed this petition no later than 90 days after receiving his Notice of Right to Sue.

41. This Court has venue over this action because the discrimination and retaliation described herein took place in Green County.

## **COUNT I – DISCRIMINATION ON THE BASIS OF SEX**

42. Plaintiff incorporates by reference all paragraphs of this Petition as if fully set forth herein.

43. The acts described above constitute sex discrimination against Plaintiff in violation of the Title VII.

44. Plaintiff's sex, male, was a motivating factor in Defendant's sexual harassment against Plaintiff.

45. Plaintiff's sex was a motivating factor in Defendant's adverse employment actions against him.

46. Gender/Sex is a protected class under the Title VII.

47. As a direct and proximate result of Defendant's actions, Plaintiff has suffered damages, including, but not limited to, lost income and benefits, future wages and earnings, and suffered emotional and mental distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damage and detriment.

48. Defendant's actions were outrageous because of Defendant's evil motive or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendant and will defer Defendant and others from like conduct.

**WHEREFORE,** Plaintiff requests that this Court grant him judgment against Defendant and award compensatory and punitive damages, costs, attorneys' fees, pre-judgment and post-judgment interest, injunctive relief, and other such relief as this Court deems just and proper.

## COUNT II – RETALIATION

49. Plaintiff incorporates by reference all paragraphs of this Petition as if fully set forth herein.

50. Plaintiff reported sexual harassment by S.W. to Defendant.

51. Plaintiff's complaints of discrimination and harassment are protected activity under Title VII.

52. Plaintiff's complaints of discrimination and harassment motivated Defendant's decision to terminate his employment, appeal his unemployment award, and take other adverse actions against Plaintiff.

53. As a direct and proximate result of Defendant's retaliation, Plaintiff has suffered damages, including, but not limited to, lost income and benefits, future wages and earnings, and suffered emotional and mental distress, embarrassment, humiliation, and loss of enjoyment of life, all to Plaintiff's damage and detriment.

54. Defendant's actions were outrageous because of Defendant's evil motive or reckless indifference to the rights of Plaintiff, thereby entitling Plaintiff to an award of punitive damages in an amount that will punish Defendant and will defer Defendant and others from like conduct.

**WHEREFORE**, Plaintiff requests that the Court grant him judgment against Defendants and award compensatory and punitive damages, costs and attorneys' fees, post-judgment interest, injunctive relief, and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all claims asserted herein.

Respectfully submitted,

*/s/ Brooke Davids*
Brooke Davids #64434
Julianne Germinder #60836
**TGH Litigation LLC**
28 N. 8th St., Suite 200
Columbia, MO 65201
Brooke@TGHLitigation.com
Julianne@TGHLitigation.com
Phone: 573 256 2850
Fax: 573 213 2201

Attorneys for Plaintiff